**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**TYRONE MAYE,**

                     **Plaintiff,**            **1:10-cv-1260
                                                       (GLS/DRH)**

       **v.**

**STATE OF NEW YORK et al.,**

                     **Defendants.**
_____

**APPEARANCES:**                          **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Tyrone Maye
Pro Se
1117 Texas Avenue
Houston, TX 77002

**FOR THE DEFENDANTS:**
*State of New York*
HON. ERIC T. SCHNEIDERMAN     DAVID B. ROBERTS
New York State Attorney General     Assistant Attorney General
Albany Office
The Capitol
Albany, NY 12224

*Adams, Cernak, Peterson, Sauder*
HON. RICHARD S. HARTUNIAN     BARBARA D. COTTRELL
United States Attorney     Assistant United States Attorney
Office of the United States Attorney
445 Broadway
218 James T. Foley U.S. Courthouse
Albany, NY 12207

*York, Stockdale, Harpp, Alison,
Lail, Hogan, Carusone, Ferguson,*

| | |
|---|---|
| *Davenport, and Wappett* | |
| FitzGerald, Morris Law Firm | JOHN D. ASPLAND, ESQ. |
| 16 Pearl Street | WILLIAM A. SCOTT, ESQ. |
| P.O. Box 2017 | |
| Glens Falls, NY 12801 | |
| | |
| *Schwenker* | |
| Brennan, White Law Firm | DANIEL J. STEWART, ESQ. |
| 163 Haviland Road | |
| Queensbury, NY 12804 | |
| | |
| *Bethel, Habshi, Frettoloso,* | |
| *Conine, Schwartz, and Morrison* | |
| NO APPEARANCE | |

**Gary L. Sharpe**
**District Court Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiff *pro se* Tyrone Maye commenced this action against the defendants,[1] asserting claims pursuant to 42 U.S.C. § 1983 and New York law for violations of his civil rights. Pending are Maye's motion to clarify portions of the 50-h hearing transcript, motion for reconsideration, and motion to deny relief sought; and defendants' evidentiary and dispositive

---

[1] State of New York; Joseph W. Bethel; P.O. Daniel Habshi; Detectives Paul R. Frettoloso, Kevin W. Conine, Lloyd Schwartz, and Harold Morrison; DEA Agents Scott Adams, Brian D. Cernak, Andy Peterson, and Jeff Sauder; Sheriff Nathan H. York; Corrections Officers Steven Stockdale, Michael S. Harpp, and Alison; Investigator Russell E. Lail, Jr.; District Attorney Kathleen B. Hogan; John P.M. Wappett, Esq.; and Assistant District Attorneys Jason M. Carusone, Jeffrey L. Ferguson, Eric C. Schwenker, and Emilee B. Davenport.

2

motions. (Dkt. Nos. 5, 24, 28, 30, 59, 66, 73, 74.) For the reasons that follow, Maye's motions are denied, and defendants' motions to dismiss are granted.[2]

## II. Background[3]

On August 11, 2005 plaintiff *pro se* Tyrone Maye was the passenger in a vehicle during a traffic stop in Glens Falls, New York. (Am. Compl. ¶ 7, Dkt. No. 9.) Maye was approached by Detectives Frettoloso and Conine, questioned, and then "forcibly removed" from the car. (*Id.* ¶¶ 8-9.) Conine handcuffed Maye, and proceeded to search him in broad daylight. (*Id.* ¶¶ 11-12.) Although the search uncovered only money, Maye was placed in the back of a patrol car driven by P.O. Habshi and transported to the police station. (*Id.* ¶ 13.) When he arrived at the station, Maye was taken to an interrogation room and "ankle cuffed" to the wall. (*Id.*)

Conine entered the interrogation room and directed Maye to stand up; as Maye did so, his jeans slid down. (*Id.* ¶ 15.) Maye attempted to pull

---

[2] Because the court grants Alison, Carusone, Davenport, Ferguson, Harpp, Hogan, Lail, Stockdale, Wappett, and York's motion to dismiss, their motion to reject the affidavit of Tamisha Graves is denied as moot. (*See* Dkt. No. 74.)

[3] The facts are drawn from Maye's Amended Complaint and presented in a light most favorable to him. (*See* Am. Compl., Dkt. No. 9.) However, as Maye's pleadings are near-unintelligible and strewn with legal conclusions, the court will summarize the allegations contained in the Amended Complaint. (*See generally id.* ¶¶ 7-37.)

3

his jeans back up, but Conine "rushed [him] into the wall" and prevented him from raising his jeans. (*Id.*) With Maye pressed up against the wall, Frettoloso conducted a manual body cavity search which uncovered a "single baggie" in Maye's rectum. (*Id.* ¶ 16.)

Following the search, Maye was arraigned and remanded to the custody of C.O. Stockdale for transfer to the Warren County Jail. (*Id.* ¶¶ 17-18.) Maye arrived at the jail in the afternoon of August 11, 2005, and was immediately taken to the booking area and searched again. (*Id.*) C.O. Harpp conducted a strip search which uncovered seven packets of heroin in Maye's right sock. (*Id.* ¶ 19.) The heroin was handed over to Investigator Lail, who re-finger printed and photographed Maye. (*Id.* ¶ 20.) When Lail was finished, Harpp processed Maye and took him to the reception dorm. (*Id.* ¶ 21.) On September 9, 2005, C.O. Alison transported Maye to the Queensbury Town Court for arraignment on the additional heroin possession charges. (*Id.* ¶ 22.)

Maye's allegations against the remaining defendants arose out of his subsequent criminal prosecution. In sum, Maye alleges that as a result of the inadequate representation by public defender John P.M. Wappett, false testimony by Frettoloso, and various ethical violations by members of the

4

District Attorney's Office, he was convicted of the drug offenses and sentenced to nine and one half years in prison. (*Id.* ¶¶ 23, 26-35.)

Although Maye's conviction was originally affirmed by the Third Department of the New York State Supreme Court Appellate Division, the New York Court of Appeals reversed the Appellate Division, finding the evidence was unlawfully seized.[4] (*Id.* ¶ 36.) On February 25, 2009, the indictment against Maye was dismissed. (*Id.* ¶ 37.)

### III. Standard of Review

The standard of review under Fed. R. Civ. P. 12 is well established and will not be repeated here.[5] For a full discussion of the standard, the court refers the parties to its decision in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010).

### IV. Discussion

As a preliminary matter, there are several pending procedural motions filed by Maye which need to be resolved. Thus, before discussing the dispositive motions, the court will address Maye's motion to clarify portions of the 50-h hearing transcript, motion for reconsideration, and

---

[4] *See People v. Maye*, 12 N.Y.3d 731, 731-32 (2009).

[5] Because Maye is proceeding *pro se*, the court will construe his Amended Complaint liberally. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

5

motion to deny relief sought.  (*See* Dkt. Nos. 5, 59, 73.)

## A.     Miscellaneous Motions

First, Maye seeks permission to provide clarification to portions of his testimony from his Rule 50-h hearing in July 2006.  (*See* Dkt. No. 5.)  After reviewing Maye's submission, the court is unpersuaded that a clarification is germane.  Thus, Maye's motion to clarify is denied.

Next, Maye filed a motion for reconsideration of the court's order denying his request to file a surreply to defendants' motion to dismiss. (*See* Dkt. Nos. 52, 55, 59.)  Although not explicitly stated in the court's previous order, "a surreply is not permitted" to a dispositive motion under Northern District of New York Local Rule 7.1(b).  Because Maye has not satisfied any of the requirements to prevail on a motion for reconsideration,[6] his motion is denied.

---

[6] Motions for reconsideration proceed in the Northern District of New York under Local Rule 7.1(g).  "In order to prevail on a motion for reconsideration, the movant must satisfy stringent requirements."  *C-TC 9th Ave. P'ship v. Norton Co.* (*In re C-TC 9th Ave. P'ship*), 182 B.R. 1, 2 (N.D.N.Y. 1995).  A motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  The prevailing rule "recognizes only three possible grounds upon which motions for reconsideration may be granted; they are (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice."  *In re C-TC 9th Ave. P'ship*, 182 B.R. at 3 (citation omitted).  "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided."  *Shrader*, 70 F.3d at 257.

Finally, Maye filed a request, albeit docketed as a motion, seeking to preclude defendants Adams, Cernak, Peterson and Sauder from asserting improper service of process in their motion to dismiss.  (*See* Dkt. No. 73.) Notwithstanding his request, lack of service is a viable defense that defendants are entitled to assert.  Therefore, Maye's motion is denied.

**B.     Eleventh Amendment Immunity**

Counsel for the State of New York argues that Maye's causes of action against the State and the various public servants in their official capacities are barred by the Eleventh Amendment.[7]  (*See* Dkt. No. 24, Attach. 1.)  The court agrees.

The Eleventh Amendment shields states and their agencies, departments, and officials in their official capacities from suit in federal court, regardless of the relief sought. *See Papasan v. Allain*, 478 U.S. 265, 276 (1986). This immunity gives way in only three circumstances: (1) where it is waived by the state; (2) where it has been abrogated by

---

[7] In addition to the captioned defendants, Maye names former Attorney General Andrew Cuomo as a defendant in his Amended Complaint.  (*See* Am. Compl. ¶ 6(A), Dkt. No. 9.)  A subsequent communication between Maye and defense counsel revealed that Maye did intend to sue Cuomo.  Notwithstanding his intent, Maye's attempt to sue Cuomo in his official capacity is barred by the Eleventh Amendment.  Moreover, Maye has not alleged any personal involvement by Cuomo, and thus a suit against him in his individual capacity also fails.  *See, e.g., Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995).

7

Congress, *see Kentucky v. Graham*, 473 U.S. 159, 169 (1985); and (3) where a state official is sued in her official capacity for prospective injunctive relief, *see Ex parte Young*, 209 U.S. 123, 157 (1908).  *See also Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990) (explaining that § 1983 does not abrogate Eleventh Amendment immunity).

Since Maye's claims do not fall within any of these recognized exceptions, the State's motion is granted and all claims against the State of New York and defendants in their official capacities are dismissed.

## C.     **Prosecutorial and Defense Immunity**

Defendants Schwenker, Carusone, Ferguson and Davenport—all members of the Warren County District Attorney's Office during Maye's criminal prosecution—argue that they are immune from this suit.  (*See* Dkt. Nos. 28, Attach. 7; 30, Attach. 3.)  The court agrees.

"It is . . . well established that 'a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution' . . . 'is immune from a civil suit for damages under § 1983.'" *Shmueli v. City of N.Y.*, 424 F.3d 231, 236 (2d Cir. 2005) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)).  This immunity "protects a prosecutor . . . for virtually all acts, regardless of motivation, associated

8

with his function as an advocate." *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994).

Here, Maye alleges that the defendants misrepresented evidence and conducted themselves in an unprofessional manner during his criminal proceedings. (*See* Am. Compl. ¶¶ 27-37, 94-123). These allegations are insufficient as Schwenker, Carusone, Ferguson and Davenport were acting as advocates for the State when the injurious conduct occurred. *See Dory*, 25 F.3d at 83 (stating that prosecutorial immunity would apply even if the prosecutor conspired to present false evidence).

Likewise, Maye's claims against Wappett, his public defender is also unavailing.[8] "In order to state a claim under [42 U.S.C.] § 1983, a plaintiff must allege that he was injured by either a state actor or a private party acting under color of state law." *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) (citation omitted). However, it is axiomatic that a public defender, representing an indigent client, is not acting "under color of state law." *Polk Cnty. v. Dodson*, 454 U.S. 312, 321 (1981).

Notwithstanding the liberal pleading requirements afforded to Maye,

---

[8] In the event that Maye was attempting to bring a suit against Wappett for ineffective assistance of counsel, such a suit is improper under § 1983. *See Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (noting that a claim for ineffective assistance of counsel is not actionable in a § 1983 proceeding).

he has failed to state causes of action against Schwenker, Carusone, Ferguson, Davenport, and Wappett. As such, defendants' motions to dismiss are granted and all claims against Schwenker, Carusone, Ferguson, Davenport, and Wappett, in their individual capacities, are dismissed.

## D.   Statute of limitations for § 1983 claims

Finally, defendants York, Stockdale, Harpp, Alison, Lail, Adams, Cernak, Peterson, and Sauder assert that Maye's claims against them are, *inter alia*, time barred. (*See* Dkt. Nos. 30, Attach. 3 at 5; 66, Attach. 2 at 4.) Although the court's analysis varies slightly, as Adams, Cernak, Peterson, and Sauder are federal agents, it concurs with defendants that Maye's claims are untimely.

In New York, actions for false imprisonment brought pursuant to § 1983 are subject to the general or residual statute of limitations for personal injury actions, *i.e.*, three years from the date of injury. *See Owens v. Okure*, 488 U.S. 235, 251 (1989); N.Y. C.P.L.R. § 214(5) (McKinney 1997). Where an existing conviction is not implicated, "a false imprisonment [claim accrues] once the victim becomes held *pursuant to [legal] process*-when, for example, he is bound over by a magistrate or

10

arraigned on charges." *Wallace v. Kato*, 549 U.S. 384, 389-90 (2007)(emphasis in original).

Here, Maye's allegations against York, Stockdale, Harpp, Alison, and Lail stem from his alleged false imprisonment from August 11, 2005 to September 9, 2005; the time he was held at the jail prior to his arraignment in Queensbury Town Court. (*See* Am. Compl. ¶¶ 19-22, 72-81.) Because Maye's claims do not implicate an existing conviction, his causes of action for false imprisonment accrued on September 9, 2005, the date he was arraigned, and became time barred on September 9, 2008.

Similarly, Maye's claims against Adams, Cernak, Peterson, and Sauder are also untimely. *Bivens* actions are the federal analog to a 42 U.S.C. § 1983 action against state actors, and the constitutional standard of review is the same for either type of action. *See Chin v. Bowen*, 833 F.2d 21, 24 (2d Cir.1987). Accordingly, a *Bivens* action, arising in New York, is subject to a three-year statute of limitations. *Tapia-Ortiz v. Doe*, 171 F.3d 150, 151 (2d Cir. 1999).

Here, Maye's allegations against Adams, Cernak, Peterson, and Sauder, all of whom are federal agents, stem from the August 11, 2005 traffic stop. (*See* Am. Compl. ¶¶ 7, 128-139.) Though imprecisely

11

pleaded, Maye's contention is that Adams, Cernak, Peterson, and Sauder used "trickery" during the undercover drug sting that resulted in his arrest. (*Id.*)  Irrespective of whether this conduct actually violated Maye's rights, his cause of action became ripe on August 11, 2005, the date of the alleged wrongdoing, and expired on August 11, 2008.  *See Tapia-Ortiz*, 171 F.3d at 151; N.Y. C.P.L.R. § 214(5).

As such, York, Stockdale, Harpp, Alison, Lail, Adams, Cernak, Peterson, and Sauder's motions to dismiss are granted, and all claims against them are dismissed.

E.   **Lack of personal involvement**

Although captioned as defendants in this case, Maye's Amended Complaint fails to allege any direct participation in the acts alleged, or personal involvement as supervisors by Bethel, York and Davenport.  This failure provides an alternative basis for dismissal for Bethel, York and Davenport.  *See, e.g., Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir.1995).

F.   **Remaining defendants**

In light of this memorandum-decision and order, Maye's claims against defendants Habshi, Frettoloso, Conine, Schwartz, and Morrison have not been dismissed.  Nonetheless, as Maye is proceeding *in forma*

*pauperis*, the court is required to review the Amended Complaint for any action that, *inter alia*, "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Here, the claims against Habshi, Frettoloso, Conine, Schwartz, and Morrison stem from the illegal search and seizure of Maye on August 11, 2005. (*See* Am. Compl. ¶¶ 7-16, 38-71, Dkt. No. 9.) Although federal law determines the accrual date—which in the context of search and seizure is the date of the alleged wrongdoing—these claims are still subject to New York's three year statute of limitations for unspecified personal injury claims. *See Wallace*, 549 U.S. at 397*; Owens*, 488 U.S. at 251; N.Y. C.P.L.R. § 214(5). Applying this statute of limitations to the causes of action against the remaining defendants, it appears that, absent a valid toll, the claims are untimely.

Though the court possesses the authority to dismiss these claims *sua sponte*, fairness dictates that Maye be given notice and an opportunity to respond to the deficiencies in his claims. *See Abbas v. Dixon*, 480 F.3d 636, 639-40 (2d Cir. 2007). Accordingly, he may submit a supplemental brief addressing *only* the timeliness of his claims against the remaining defendants. This supplemental brief must: (1) state the applicable tolling

13

provision; (2) cite authority for the toll; and (3), be received no later than 30 days from the date of this memorandum-decision and order.  Nevertheless, if Maye fails to provide this briefing, his causes of action against the remaining defendants may be dismissed.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Maye's motion to clarify portions of the 50-h hearing transcript (Dkt. No. 5) is **DENIED**; and it is further

**ORDERED** that Maye's motion for reconsideration (Dkt. No. 59) is **DENIED**; and it is further

**ORDERED** that Maye's motion to deny the relief sought by defendants Adams, Cernak, Peterson, and Sauder (Dkt. No. 73) is **DENIED**; and it is further

**ORDERED** that New York State's motion to dismiss (Dkt. No. 24) is **GRANTED** with prejudice and all claims against New York State are **DISMISSED**; and it is further

**ORDERED** that Schwenker's motion to dismiss (Dkt. No. 28) is **GRANTED** and all claims against Schwenker are **DISMISSED**; and it is further

**ORDERED** that Alison, Carusone, Davenport, Ferguson, Harpp, Hogan, Lail, Stockdale, Wappett, and York's motion to dismiss (Dkt. No. 30) is **GRANTED** and all claims against them are **DISMISSED**; and it is further

**ORDERED** that Alison, Carusone, Davenport, Ferguson, Harpp, Hogan, Lail, Stockdale, Wappett, and York's motion to reject the affidavit of Tamisha Graves (Dkt. No. 74) is **DENIED** as moot; and it is further

**ORDERED** that Adams, Cernak, Peterson, and Sauder's motion to dismiss (Dkt. No. 66) is **GRANTED** and all claims against them are **DISMISSED**; and it is further

**ORDERED** that defendants State of New York, Bethel, Adams, Cernak, Peterson, Sauder, York, Stockdale, Harpp, Alison, Lail, Hogan, Carusone, Ferguson, Schwenker, Davenport, and Wappett are **TERMINATED** as parties; and it is further

**ORDERED** that should Maye wish to do so, he may, in accordance with the rules, file a supplemental brief addressing only the timeliness of his claims against defendants Habshi, Frettoloso, Conine, Schwartz, and Morrison within thirty (30) days of the receipt of this memorandum decision-order; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties by mail and certified mail.

**IT IS SO ORDERED.**

September 29, 2011
Albany, New York

_____
Gary L. Sharpe
U.S. District Judge